Chief Justice Bibb
delivered the Opinion of the Court.
On the 21st of April, 1797, John Emmerson executed his obligation to Andrew Barnett, to convey one half of an in lot in Greensburg, No. 20. On the 20th of April, 1798, Emmerson obtained from the trustees of the town, a deed for lot No. 20, which was duly recorded in the county court on the 17th July of that year.
In April, 1819, Barnett exhibited his bill against Emmerson to have a conveyance according to the obligation of Emmerson; alleging that Emmerson although repeatedly requested to convey, had refused, and was offering the lot for sale.
Emmerson by his answer relies upon his deed and his possession for upwards of twenty-two years, *608 paying taxes all that time, insists that the whole lot is his in law .and in equity, and that the complainant in asserting Ips claim at this late period, relies on the forgetfulness of the defendant.
Amended answer.
Barnett’s replication.
After twenty years without suit, satisfaction or ex-tinguishment shall be presumed.
By an amended answer, the defendant sets forth and exhibits the complainant’s obligation of the 5th August, 1803, by which Barnett acknowledges he had sold back to Emmerson all his right to the lot No. 20, for sixty dollars, to betaken out of a bond that Barnett had got of Emmerson, on JohnBredon, to collect from the assignor, as Bredon had paid the debt, and if not collected to return it, and Emmer-to pay the sixty dollars.
To this the complainant, by way of replication says, that he has examined the bond referred to in Emmerson’s amended answer, that the signature is his hand writing, the body in the hand writing of the defendant; that he has no recollection of ever giving such a bond, nor does he believe he ever did; that the defendant has repeatedly acknowledged, since the date of that bond, that part of said lot belonged to the complainant.
The court dismissed the bill, and the complainant has appealed.
In the bill there is nothing to excuse the neglect? for upwards of twenty years, to prosecute his claim, if such had been his right; the parties lived, during that time, in the same county. The obligation of 1803, set up by the defendant, is admitted and proved to be the proper signature of the complainant; there is no color of evidence to impeach that instrument; the complainant has not ventured to amend his bill and to state any cause whatever, for denying its force; but by what is called a replication, he says, “he has no recollection of ever giving such a bond or note, nor does he believe he ever did.” The propriety of the general rule of presuming satisfaction or extinguishment, after twenty years, without suit, where the party was not ignorant of his right, and under no disability, is illustrated by the facts in this cause. The writing of 1803, had been executed by the complainant without *609 doubt, but in 1819, when the bill was filed, the complainant and defendant had forgotten it, and the bill was the consequence of that forgetfulness.
Crittenden, for appellant; Triplett, for appellee.
It is the opinion of this court, that the writing of August, 1803, executed by the complainant to the defendant, is conclusive against the claim of the complainant, to have the conveyance of any part of lot No. 20, as demanded by the bill. It" is, therefore, ordered and decreed, that the decree of the circuit court be affirmed with costs.